UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES POSTAL SERVICE,
*Plaintiff-Appellant,*

v.

NATIONAL POSTAL PROFESSIONAL
NURSES,
*Defendant-Appellee.*

No. 99-2583



Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Frederic N. Smalkin, District Judge.
(CA-99-1633-S)

Argued: September 26, 2000

Decided: October 25, 2000

Before NIEMEYER and TRAXLER, Circuit Judges, and
Frederick P. STAMP, Jr., Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Alfred R. Mollin, Appellate Staff, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellant. Richard S. Edelman, O'DONNELL,
SCHWARTZ & ANDERSON, P.C., Washington, D.C., for Appellee.
**ON BRIEF:** David W. Ogden, Acting Assistant Attorney General,

Robert P. Crouch, Jr., United States Attorney, Barbara C. Biddle, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; R. Andrew German, Managing Counsel, Legal Policy, Stephan J. Boardman, Legal Policy, UNITED STATES POSTAL SERVICE, Washington, D.C., for Appellant. Melinda K. Holmes, O'DONNELL, SCHWARTZ & ANDERSON, P.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

The United States Postal Service commenced this action under 39 U.S.C. § 1208(b) to challenge an arbitrator's opinion and award dated February 28, 1999, in favor of the National Postal Professional Nurses Union ("the Union"), relating to the Union members' grievances involving the Postal Service's use of contract nurses. The Postal Service's complaint sought a "declaration and injunctive relief vacating the damages, costs, and fees awarded by the arbitrator," based on the allegation that the arbitrator "exceeded the scope of his authority, and failed to interpret and apply the parties' [collective bargaining agreement]." Later, without substantively altering its complaint, the Postal Service amended it to allege that it was seeking not only to "vacate" the arbitrator's award but also to "modify" it.

The Union filed a motion to dismiss the Postal Service's complaint because the complaint was filed more than 30 days after the award had been delivered to the Postal Service, a limitations period borrowed from state law.[1] *See* Maryland Uniform Arbitration Act, Md.

---

[1]Because the parties assumed that the Maryland state law supplied the appropriate limitations period before the district court, we need not determine whether that assumption was correct.

Code Ann., Cts. & Jud. Proc. Art. § 3-224(a) (providing that a petition to *vacate* an arbitration award must be filed within 30 days after delivery of the award to the petitioner); Md. R. Spec. P. 15-101 (rendering the statutes of limitations set out in the Arbitration Act applicable to proceedings involving arbitration awards to which the Arbitration Act is otherwise inapplicable, such as awards made pursuant to a collective bargaining agreement). In response to the Union's motion to dismiss, the Postal Service noted that it not only sought that the award be vacated but also that it be modified, relief for which the statute of limitations in Maryland is 90 days. *See* Md. Code Ann., Cts. & Jud. Proc. Art. § 3-223(a) (providing that a petition "to modify or correct the award" shall be filed within 90 days after delivery of a copy of the award). It argued, therefore, that its filing made within 90 days of its receipt of the award was timely. The district court granted the Union's motion to dismiss because the Postal Service's original complaint only sought to vacate the arbitrator's award and therefore was not filed within the 30 day statute of limitations provided by § 3-224(a). With respect to the amended complaint, the court, quoting Federal Rule of Civil Procedure 15(c)(1), ruled that it did not relate back to the original filing date because relation back applies only when "permitted by the law that provides the statute of limitations applicable to the action." The court granted the Union's motion to dismiss because the statute of limitations borrowed from Maryland for reviewing arbitrator's awards is mandatory.

In affirming for substantially the same reasons given by the district court, we note in addition that the Postal Service's amended complaint was substantively no different from its original complaint, and the Postal Service's challenge to the arbitrator's award in both complaints could only be rectified by vacation, not modification, of the award. *Cf. Apex Plumbing Supply, Inc. v. United States Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998) (holding, in construing the Federal Arbitration Act, that the remedy of modification of an "evident miscalculation of figures" could only apply to mathematical errors appearing on the face of the award).

At oral argument, counsel for both parties seemed to agree, however, that part of the arbitrator's award erroneously duplicated damages. The Union apparently sought damages at the Chicago BMC health unit in the amount of $256,290 for the period from November

21, 1993, through August 2, 1997, or, in the alternative, in the amount of $355,005 for an overlapping period commencing on the same date, November 21, 1993, but extending longer, through November 2, 1998, as the arbitrator might find appropriate. Instead of selecting one of the alternative periods, the arbitrator apparently added together the damages for the two overlapping periods, thus awarding the Union duplicative damages in the amount of $611,295. The Union assured this court that it would demand only the single damages in the amount of $355,005, a sum that the Postal Service agreed was appropriate. While we have no jurisdiction to modify the arbitrator's award, we assume that the Union will not demand $611,295 for damages at the Chicago BMC health unit, but rather $355,005.

For the reasons given, the judgment of the district court is

*AFFIRMED.*[2]

---

[2]The Union argued also that the Postal Service's notice of appeal was deficient in failing to identify the limitations issue to us. *See* Fed. R. App. P. 3(c)(1)(b). We conclude, however, that the notice was adequate and that the Union was not prejudiced, having recognized the correct issue and briefed it fully. *See Canady v. Crestar Mortgage Corp.*, 109 F.3d 969, 973-74 (4th Cir. 1997).